**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

KENNETH RAY PITTS,                                                                               PLAINTIFF
ADC #085938

v.                                         2:22CV00044-JM-JTK

TRACY BENNETT, et al.                                                                         DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.    Introduction**

Kenneth Ray Pitts ("Plaintiff") is incarcerated at the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). Plaintiff sued multiple individuals alleging deliberate indifference to his serious medical needs. (Doc. No. 2). Only Plaintiff's claims against Defendant Gary Kerstein remain pending. (Doc. Nos. 4, 13).

Defendant Kerstein has filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 30-32). Plaintiff has responded. (Doc. Nos. 38-41).

After careful consideration of the record before me, and for the reasons explained below, I recommend Defendant Kerstein's Motion be granted.

## II.     Plaintiff's Claims

Plaintiff's deliberate indifference to serious medical needs claims against Defendant Kerstein remain pending.  (Doc. Nos. 4, 13).  Plaintiff alleges Defendant Kerstein denied Plaintiff reflux medication.  (Doc. No. 2 at 9, 11-12).  Plaintiff specifically alleged that Defendant Kerstein denied Plaintiff reflux medicine on March 3, 2022.  (Id. at 11).

## III.    Summary Judgment Standard

Pursuant Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV. Analysis

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. No. 32).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal

3

court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

At the time of the incidents giving rise to this lawsuit, the ADC had in place a grievance procedure, Administrative Directive ("AD") 19-34. (Doc. No. 31 at ¶ 6; Doc. No. 31-1). Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 31-1 at 1-2.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (Id. at 6.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Id.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (Id. at 9.) The warden or his designee must provide a written response within twenty working days of receipt. (Id. at 11.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (Id. at 12.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (Doc. No. 31-1 at 13.) "A [written] decision or rejection of an appeal at this level is the end of the grievance process." (Id.) Administrative Directive 19-34 includes the following warning:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed. An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance. All inmates are hereby advised that the Division

>   reserves the right to raise any and all defenses, including the failure to exhaust the grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.
>
>   An inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed   by the court or commission for failure to exhaust against all parties.

(*Id*. at 5.)

In support of his Motion, Defendant Kerstein presented the Declaration of Brandy Johnson, who is currently employed by the ADC as Medical Grievance Coordinator.  (Doc. No. 31-2 at 1). According to Ms. Johnson, she reviewed Plaintiff's medical grievance records.  (Id.).  Ms. Johnson declared under penalty of perjury that her office has no record of Plaintiff lodging any grievance during the time relevant to his claim against Defendant Kerstein.  (Id.).  Plaintiff has not contested this assertion. (Doc. Nos. 38-41).  Rather, in his Response Plaintiff provides examples of cases in which courts found administrative remedies exhausted, and not exhausted. (Doc. No. 38 at 3-8).  But, as the Court understands Plaintiff's Response, he does not address Defendants' argument or contest the facts set out in Defendants Statement of Facts.  (Doc. Nos. 38-41).  As such, those facts (Doc. No. 31) are deemed admitted.  FED. R. CIV. P. 56(e); LOCAL RULE 56.1.   Further, the Court notes that none of the grievances attached to Plaintiff's Complaint deal with complaints about Defendant Kerstein's treatment of Plaintiff's reflux.

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendant Kerstein's favor.  Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).  The Court finds Plaintiff did not exhaust his claims against Defendant Kerstein.  Accordingly, the Court recommends

Defendant Kerstein's Motion for Summary Judgment be granted and Plaintiff's claims against Defendant Kerstein be dismissed without prejudice.

If the Court adopts this Recommendation, all of Plaintiff's claims will have been dismissed. As such, the Court will also recommend that Plaintiff's Complaint be dismissed without prejudice.

**V.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.  Defendant Kerstein's Motion for Summary Judgment on the issue of exhaustion (Doc. No. 30) be GRANTED.

2.  Plaintiff's claims against Defendant Kerstein be DISMISSED without prejudice for failure to exhaust administrative remedies.

3.  Defendant Kerstein be DISMISSED as a party from this lawsuit.

4.  Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

5.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 1st day of June, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE